IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| TATYANA A. BABAKAEVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 4:09cv58 |
| ) | |
| PAUL H. WILSON and ) | |
| WILSON & WILSON, P.C., ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO FIRST AMENDED COMPLAINT

COME NOW, Defendants, Paul H. Wilson ("Wilson") and Wilson & Wilson, P.C. (collectively, "Defendants"), through counsel, and in answer to the Complaint, states the following:

#### NATURE OF ACTION

1. The allegations contained in Paragraph No. 1 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained therein.

#### JURISDICTION AND VENUE

2. The allegations contained in Paragraph No. 2 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained therein.

3. Defendants admit the allegations contained in Paragraph No. 3.

1

## PARTIES

4.     Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 4.  To the extent an answer is required, Defendants deny the allegations contained therein.

5.     Defendants admit the allegations contained in Paragraph No. 5.

6.     Defendants admit the allegations contained in Paragraph No. 6.

7.     Defendants admit the allegations contained in Paragraph No. 7.

## FACTUAL BACKGROUND

8.     Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 8.  To the extent an answer is required, Defendants deny the allegations contained therein.

9.     Defendants deny the allegations contained in Paragraph No. 9. Defendants affirmatively state that the Order referred to Paragraph No. 9 was in the nature of *pendente lite* relief.  The trial court maintained jurisdiction over the custody issue.

10.     Defendants deny the allegations contained in Paragraph No. 10.

11.     Defendants admit the allegations contained in Paragraph No. 11 except Defendants do not admit the characterization of such issues as less significant.

12.     Defendants admit Schempf's employment and his filing of an attorney charging lien, which, if granted, would have entitled him to assess his lien against any assets ultimately determined to be those of his client.

13. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 13. To the extent an answer is required, Defendants deny the allegations contained therein.

14. Defendants admit only that they were retained by Plaintiff. Defendants do not have sufficient information to admit or deny the remaining allegations contained in Paragraph No. 14; therefore, they deny the remaining allegations contained therein.

15. Defendants admit the allegations contained in Paragraph No. 15.

16. Defendants admit the allegations contained in Paragraph No. 16.

17. Defendants admit the allegations contained in Paragraph No. 17.

18. Paragraph No. 18 alleges the contents and effect of various contractual documents, which documents are the best proof of such contents. Therefore, Defendants deny the allegations contained in Paragraph No. 18.

19. Defendants deny the allegations contained in Paragraph No. 19.

20. Defendants deny the allegations contained in Paragraph No. 20. Plaintiff told Defendants she worked washing dishes and had managed to significantly reduce the principal balance of the mortgage on the marital home. Defendants repeatedly questioned Plaintiff for details, but Plaintiff would only reply, "I work hard".

21. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 21. To the extent an answer is required, Defendants deny the allegations contained therein. Defendants relied on Plaintiff's recitation of facts for the events which occurred prior to their representation.

22. Defendants do not have sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph No. 22. To the extent an answer is required, Defendants deny the allegations contained therein.

23. Defendants deny the allegations contained in Paragraph No. 23.

24. Defendants deny the allegations contained in Paragraph No. 24. Defendants affirmatively state that the trial judge refused to complete the hearing due to actions of the parties. The Court then *sua sponte* announced that the child was not to be taken from the United States.

25. Defendants deny the allegations contained in Paragraph No. 25.

26. Defendants deny the allegations contained in Paragraph No. 26.

27. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 27 because Plaintiff had retained other counsel at that time. To the extent an answer is required, Defendants deny the allegations contained therein.

28. Defendants deny the allegations contained in Paragraph No. 28.

29. Defendants deny the allegations contained in Paragraph No. 29.

30. Defendants deny the allegations contained in Paragraph No. 30.

31. Defendants deny the allegations contained in Paragraph No. 31. Defendants affirmatively state that Defendant Wilson informed Plaintiff that he would be absent from the country for approximately ten (10) days and urged Plaintiff to hire new counsel who would be able to assist her.

32. Defendants admit the allegation that new counsel was retained but deny the remaining allegations contained in Paragraph No. 32.

33. Defendants admit the allegations contained in Paragraph No. 33.

34. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 34 because Plaintiff had retained other counsel at that time. To the extent an answer is required, Defendants deny the allegations contained therein.

35. Defendants deny the allegations contained in Paragraph No. 35.

36. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 36. To the extent an answer is required, Defendants deny the allegations contained therein.

37. Defendants deny the allegations contained in Paragraph No. 37.

38. Defendants deny the allegations contained in Paragraph No. 38.

39. Paragraph No. 39 contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained therein.

40. Defendants deny the allegations contained in Paragraph No. 40.

41. Defendants deny the allegations contained in Paragraph No. 41.

42. Defendants deny the allegations contained in Paragraph No. 42. Defendants requested counsel for both parties in the domestic case to accept the funds, but neither counsel would agree to accept the funds.

43. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 43. To the extent an answer is required, Defendants deny the allegations contained therein.

44. Defendants admit the allegations contained in Paragraph No. 44.

45. Defendants admit the allegations contained in Paragraph No. 45. Defendants affirmatively state that both parties to the domestic case were still represented by counsel, neither of whom joined in the request, and both of whom refused to accept the funds for placement in their trust account.

46. Defendants deny the allegations contained in Paragraph No. 46.

47. Defendants deny the allegations contained in Paragraph No. 47.

48. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 48. To the extent an answer is required, Defendants deny the allegations contained therein.

49. Defendants deny the allegations contained in Paragraph No. 49. Defendants affirmatively state that, throughout the course of dealings with Plaintiff, they relied on Plaintiff's adamant and emotional assertions that she was to be deported on or about the time of the entry of the final decree.

50. Defendants deny the allegations contained in Paragraph No. 50.

51. Defendants deny the allegations contained in Paragraph No. 51.

52. Defendants deny the allegations contained in Paragraph No. 52.

53. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 53. To the extent an answer is required, Defendants deny the allegations contained therein.

54. Defendants deny the allegations contained in Paragraph No. 54. No such order was ever served or delivered to the Defendants. When the Defendants became aware that a decision had been made by the Newport News Circuit Court judge, Defendant Wilson immediately spoke with Robert Quadros, Esq. about the prior Court

order from the Hampton Circuit Court. Defendants were subsequently told by Robert Quadros, Esq. that the Newport News judge had reconsidered and did not require Defendants to release the escrowed funds.

55. Defendants admit they were not a party to the suit as alleged in Paragraph No. 55. Defendants do not have sufficient knowledge to admit or deny the remaining allegations. To the extent an answer is required, Defendants deny the allegations contained therein.

56. Defendants deny the allegations contained in Paragraph No. 56.

57. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 57. To the extent an answer is required, Defendants deny the allegations contained therein. Defendants affirmatively state that, despite no longer being counsel in the matter of the divorce, Defendants continue to maintain their fiduciary responsibility to protect the fund for the benefit of the ultimate beneficiaries and have made repeated requests to be relieved of this responsibility.

58. Defendants do not have sufficient information to admit or deny the allegations set forth in Paragraph No. 58. To the extent an answer is required, Defendants deny the allegations contained therein.

59. Defendants deny the allegations contained in Paragraph No. 59.

60. Defendants do not have sufficient information to admit nor deny the allegations of Paragraph No. 60. To the extent an answer is required, Defendants deny the allegations contained therein.

61. Defendants deny the allegations contained in Paragraph No. 61.

62. Defendants deny the allegations contained in Paragraph No. 62.

63. Defendants admit that on one occasion during their representation of Plaintiff a charge which should have been made against the Tatayana Babakaeva Client Funds Account was inadvertently made from the Tatayana Babakaeva Trust Account. Immediately upon the realization of the clerical error, the misdirected funds were properly credited and debited to the appropriate account. This matter was raised to the Virginia State Bar who found no ethical violation had occurred regarding this incident or any of the incidents complained of by Plaintiff at that time, many of which are identical to the allegations made herein. All other allegations are denied.

64. Defendants admit they still hold the funds in trust pending direction from the Circuit Court for the City of Hampton. All other allegations are denied.

65. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 65. Defendants affirmatively state that Defendant Wilson has repeatedly told Plaintiff to obtain counsel to conclude the matters in controversy in Hampton.

66. Defendants deny the allegations contained in Paragraph No. 66.

67. Defendants deny the allegations contained in Paragraph No. 67.

68. Defendants deny the allegations contained in Paragraph No. 68.

69. Defendants deny the allegations contained in Paragraph No. 69. All issues regarding the sums owed by Plaintiff to Defendants are subject of a legal action currently pending in the Circuit Court for the City of Newport News wherein the Defendants herein are the Plaintiff, and the Plaintiff herein is the Defendant.

70. Defendants deny the allegations contained in Paragraph No. 70.

71. Defendants deny the allegations contained in Paragraph No. 71.

72. Defendants deny the allegations contained in Paragraph No. 72. Defendants brought a legal action in the Hampton General District Court and received judgment against Plaintiff for $2,600.00, which judgment Plaintiff has appealed.

## CAUSES OF ACTION
### Count I
**Deceptive Billing – Breach of Virginia Consumer Protection Act (VCPA)**
**(Against All Defendants)**

73. Defendants incorporate by reference all responses to Paragraph Nos. 1-72 as if fully set forth herein.

74. Defendants deny the allegations contained in Paragraph No. 74.

75. Defendants deny the allegations contained in Paragraph No. 75.

76. Defendants deny the allegations contained in Paragraph No. 76.

77. Defendants deny the allegations contained in Paragraph No. 77.

78. The allegations contained in Paragraph No. 78 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

79. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph No. 79. To the extent a response is required, Defendants deny the allegations contained therein.

80. Defendants deny the allegations contained in Paragraph No. 80.

81. Defendants deny the allegations contained in Paragraph No. 81.

## COUNT II

### Breach of Contract
### (Against All Defendants)

82. Defendants incorporate by reference all responses to Paragraph Nos. 1-81 as if fully set forth herein.

83. Defendants admit the allegations contained in Paragraph No. 83.

84. Defendants admit the allegations contained in Paragraph No. 84.

85. Defendants deny the allegations contained in Paragraph No. 85.

86. Defendants deny the allegations contained in Paragraph No. 86.

87. Defendants admit the allegations contained in Paragraph No. 87.

88. Defendants deny the allegations contained in Paragraph No. 88.

89. Defendants deny the allegations contained in Paragraph No. 89.

90. Defendants deny the allegations contained in Paragraph No. 90.

91. Defendants deny the allegations contained in Paragraph No. 91.

92. Defendants deny the allegations contained in Paragraph No. 92.

93. Defendants deny the allegations contained in Paragraph No. 93.

94. Defendants deny the allegations contained in Paragraph No. 94.

95. Defendants deny the allegations contained in Paragraph No. 95.

96. Defendants deny the allegations contained in Paragraph No. 96.

97. Defendants deny the allegations contained in Paragraph No. 97.

## COUNT III

### Defamation *per se*
### (Against Defendant Paul Wilson)

98. Defendants incorporate by reference all responses to Paragraph Nos. 1-97 as if fully set forth herein.

99.  Paragraph No. 99 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

100.  Defendants deny the allegations contained in Paragraph No. 100.

101.  Defendants deny the allegations contained in Paragraph No. 101.

102.  Defendants deny the allegations contained in Paragraph No. 102.

103.  Defendants deny the allegations contained in Paragraph No. 103.

104.  Defendants deny the allegations contained in Paragraph No. 104.

105.  Defendants deny the allegations contained in Paragraph No. 105.

## COUNT IV

### Conversion
### (Against All Defendants)

106.  Defendants incorporate by reference all responses to Paragraph Nos. 1-105 as if fully set forth herein.

107.  Defendants deny the allegations contained in Paragraph No. 107.

108.  Defendants deny the allegations contained in Paragraph No. 108.

109.  Defendants deny the allegations contained in Paragraph No. 109 except to admit the funds are still in their escrow account.

110.  Defendants deny the allegations contained in Paragraph No. 110.

111.  Defendants deny the allegations contained in Paragraph No. 111.

112.  Defendants deny the allegations contained in Paragraph No. 112.

113.  Defendants deny the allegations contained in Paragraph No. 113.

114.  Defendants deny the allegations contained in Paragraph No. 114.

## COUNT V
## Breach of Fiduciary Duty
## (Against All Defendants)

115.   Defendants incorporate by reference all responses to Paragraph Nos. 1-114 as if fully set forth herein.

116.   Defendants deny the allegations contained in Paragraph No. 116.

117.   Defendants deny the allegations contained in Paragraph No. 117.

118.   Defendants deny the allegations contained in Paragraph No. 118.

119.   Defendants deny the allegations contained in Paragraph No. 119.

120.   Defendants deny the allegations contained in Paragraph No. 120.

121.   Defendants deny the allegations contained in Paragraph No. 121.

## COUNT VI
## Fraud
## (Against All Defendants)

122.   Defendants incorporate by reference all responses to Paragraph Nos. 1-121 as if fully set forth herein.

123.   Defendants deny the allegations contained in Paragraph No. 123.

124.   Defendants deny the allegations contained in Paragraph No. 124.

125.   Defendants deny the allegations contained in Paragraph No. 125.

126.   Defendants deny the allegations contained in Paragraph No. 126.

127.   Defendants deny the allegations contained in Paragraph No. 127.

## COUNT VII

## Civil Conspiracy
## (Against All Defendants)

128. Defendants incorporate by reference all responses to Paragraph Nos. 1-127 as if fully set forth herein.

129. Defendants deny the allegations contained in Paragraph No. 129.

130. Defendants deny the allegations contained in Paragraph No. 130.

131. Defendants deny the allegations contained in Paragraph No. 131.

132. Defendants deny the allegations contained in Paragraph No. 132.

133. Defendants deny the allegations contained in Paragraph No. 133.

134. Defendants deny the allegations contained in the unnumbered paragraph of the First Amended Complaint entitled "Prayer for Relief."

## **GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

1. Defendants deny all allegations of the Complaint which are not specifically admitted or otherwise addressed in the foregoing paragraphs.

2. Defendants state affirmatively that the Complaint fails to state a claim upon which relief may be granted.

3. Defendants state affirmatively that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

4. Defendants state affirmatively that the Plaintiff's claims are or may be barred by applicable statutes of limitation.

5. Defendants state affirmatively that the Plaintiff's claims are or may be barred by the doctrine of *res judicata*.

6.    Defendants state affirmatively that the Plaintiff's claims are or may be barred by the Plaintiff's fraud and misrepresentation.

7.    Defendants reserve the right to assert any other lawful defenses justified by information adduced during discovery or by the evidence at trial.

**WHEREFORE,** having fully answered the Complaint, Defendants, Paul H. Wilson and Wilson & Wilson, P.C., pray that the Court dismiss it, with an award for their fees and costs expended herein, and enter judgment in their favor on the Counterclaim filed contemporaneously herewith.

**PAUL H. WILSON and**
**WILSON & WILSON, P.C.**

By:    /s/ Douglas E. Miller
Douglas E. Miller (VSB 38591)
Veronica E. Meade Sheppard (VSB 66727)
Patten, Wornom, Hatten & Diamonstein, L.C.
Suite 300
12350 Jefferson Avenue
Newport News, VA 23602
Tele: (757) 223-4536
Fax: (757) 223-4518
dmiller@pwhd.com
vsheppard@pwhd.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 29, 2009, I electronically filed the foregoing Answer to First Amended Complaint with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following. I also served a true copy of the foregoing via first class mail, postage prepaid on:

    Tatyana Babakaeva
    2124 Criston Drive
    Newport News, VA 23602
    *Plaintiff, appearing pro se*

    /s/ Douglas E. Miller
    Douglas E. Miller (VSB 38591)
    Veronica E. Meade Sheppard (VSB 66727)
    Patten, Wornom, Hatten & Diamonstein, L.C.
    Suite 300
    12350 Jefferson Avenue
    Newport News, VA 23602
    Tele: (757) 223-4536
    Fax: (757) 223-4518
    dmiller@pwhd.com
    vsheppard@pwhd.com
    *Counsel for Defendants*