## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

|  |  |
|---|---|
| TATYANA A. BABAKAEVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: <u>4:09cv58</u> |
| | ) |
| PAUL H. WILSON and | ) |
| WILSON & WILSON, P.C., | ) |
| | ) |
| Defendants. | ) |

### <u>PAUL H. WILSON'S ANSWERS TO FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY TATYANA A. BABAKAEVA</u>

NOW COMES the Defendant, Paul H. Wilson ("Wilson"), by counsel, and subject to and without waiving the general and specific objections previously filed, for his Answers to the First Set of Interrogatories and Request for Production of Documents Propounded by the Plaintiff, Tatyana A. Babakaeva, states as follows:

### <u>INTERROGATORIES</u>

1.     If you contend that you are holding Funds pursuant to any Court Order, fully identify:

      a)    the issuing court, cáse caption, names of all parties to the action and the date of entry of such order;

      b)    the proceeding/trial on which the ruling memorialized in such order was rendered, the date of trial and names of all parties;

      c)    whether you participated in the proceeding *pro se* or by counsel;

*Exhibit 1*

d)    whether you were plaintiff or defendant.

**ANSWER:    The Circuit Court for the City of Hampton directed Wilson to hold the funds, until further Order of the Court.**

**a.) Sinkine v. Babakaeva, Hampton Circuit Court CL060110 entered June 19, 2007.**
**b.) Evidence was given in support of the divorce on May 24, 2007.**
**c.) Neither**
**d.) Neither**

2.    Regarding the proceeding and the Order identified in your response to Interrogatory No. 1, explain with specificity:

       a)    Whether you were served by a notice of the proceeding and if so, the date and the manner you were served;

       b)    When and where you or your representative endorsed the Order or, if you or your representative did not endorse it, identify the time and place of the hearing on waiving the requirement of your signature;

       c)    The date, place and the manner in which you first acquired knowledge about entry of such order.

and identify all witnesses supporting such factual claim and having knowledge of these circumstance.

**ANSWER:    I was counsel of record in the proceeding prior to being relieved on June 15, 2007.**

        **a.  I was served by Notice mailed to me on June 14, 2007**

        **b.  I did not endorse the order, I was relieved as counsel at your request on June 15, 2007 prior to the entry of any order.**

        **c.  By the Notice mailed to me on June 14, 2007.**

3.     Regarding the proceeding identified in your response to Interrogatory No. 1, state the nature and elements of personal jurisdiction of a Virginia court, application of these elements to Court's acquiring personal jurisdiction over you in this proceeding, provide factual grounds for such elements, and identify all documents supporting these facts and all individuals having personal knowledge of these facts.

**ANSWER:    I was counsel of record for the Plaintiff prior to being relieved.  I am also an officer of the Court, subject to the Court's supervision and control under the Rules of the Supreme Court of Virginia.**

4

4.    State the date, place, circumstances and the manner, in which you first acquired knowledge about entry of the Order identified in your response to Interrogatory No. 1, identify any communications related to such circumstances, any documents supporting the circumstances and identify all persons involved in and/or having knowledge of such circumstances.

**ANSWER: As stated above, I received a copy of the Notice which was mailed to me on or about June 14, 2007 by Attorney Schempf.**

5.     State the date, place, circumstances and the manner, in which you first obtained the Order identified in your response to Interrogatory No.1, identify any communications related to such circumstances, any documents supporting these circumstances and identify all persons involved in and/or having knowledge of such circumstances.

**ANSWER: I do not recall when I first received a copy of the decree.**

6.    Identify and explain all withdrawals from Funds that you made in May 2007 and for each withdrawal specify:  if it was authorized, its amount, purpose of withdrawal, identify any invoices, checks and any other documents related to withdrawal. Identify all individuals having knowledge of such facts.

**ANSWER:    Two accounting entries were made which appeared to reflect withdrawals from the account on or about May, 2007. Two accounts were established under Plaintiff's name, one for the Funds (Babakaeva Trust) and one for the fee retainer (Babakaeva, Tatyana). Defendant uses the Timeslips program for retainer tracking purposes. The first accounting entry was for $100, made on 5/4/2007, Invoice # 26143. This deduction was automatically made by the program as it is designed to move $100 from every new client's account to cover hard costs such as mailing, faxes, opening and closing of files.  This entry was immediately credited the same day. The second entry reflected a withdrawal made on 5/19/2007 in the amount of $800, Invoice # 26481. This amount was billed inadvertently to Babakaeva Trust, rather than Babakaeva, Tatyana. The two accounts are successive in alphabetical order in the program and by error the Defendant selected the first account (Trust) rather than the second account, next on the list. This error was also discovered  on  the same day and the appropriate credit was made immediately upon running the bills.  No funds were transferred as a result of the error.  The Funds on deposit have remained the same since the Defendant received them.**

7.    Fully explain your statement you made to the State Bar in your letter dated July 30, 2008 that you "hope that as part of the current litigation in Newport News Circuit Court that [you] will eventually be relieved of [your] responsibility for these funds", identify the proceedings in Newport News Circuit Court by the names of all parties, case number, matters at issue, your relationship to this litigation, and explain how you acquired knowledge of this litigation.

**ANSWER: The action referred to is the collection suit in which you are the Defendant and Wilson and Wilson are the Plaintiff. Judgment was entered in favor of Wilson & Wilson in the Hampton General District Court and appealed by you to the Circuit Court. You applied for a change of venue based on the Fair Debt Collection Act. My statement simply meant that I hoped as a result of that case that we would be able to come to some agreement regarding all issues .**

8.    State the reason(s) of your decision not to interplead Funds to the Court.

**ANSWER:**

**No decision was made not to interplead the funds.**

9.    State whether you ever received, communicated and/or drafted stipulated order granting Schempf's motion to enforce attorney charging lien on the Funds, state whether you ever endorsed such order, and if so, state the date of endorsement and identify all communications discussing or related to such order including but not limited to communications with Bryan Schempf, Jerry Tarkington, Sinkine and Plaintiff.

**ANSWER: I have no recollection of any such order. I do know that Schempf had prepared an Attorney Charging Lien at some point in the litigation. I do have a copy of an Order I endorsed related to the charging lien. I do not recall singing it nor do I recall who asked me to sign it. I do not believe it was ever entered or presented to any Court.**

10.    Identify any calculations and factual and legal basis for such calculations and any other factors explaining your agreement with Schempf on division of property that you presented to the Court at the May 24, 2007 hearing.

**ANSWER: The Defendant will supplement this response.**

11.    Please identify all documents including any pertinent notice and/or motion which were the basis for your statement to the Court during the divorce trial that "we do not have an agreement on child custody".

**ANSWER: There were no agreements on custody discussed. You asked me during a break in the proceedings to insure you that your imminent departure from the country would not affect your custody of the child. You told me you were being deported in approximately one week and were planning on taking the child with you. I did not bring up the issue, the Judge did.**

12.    Please clearly state, for each witness you identify, the subject of the testimony that the witness is expected to provide.

**ANSWER:**

**The following witnesses have information related to the divorce proceedings:**

Paul H. Wilson, Wilson & Wilson, PC, 744-A Thimble Shoals Blvd., Newport News, VA 23606.

Tatyana A. Babakaeva, 2124 Criston Drive, Newport News, VA, 23602.

Nikolai I. Sinkine, 28 Kincaid Lane, Hampton, VA, 23666.

Bryan H. Schempf, Jones, Blechman, Woltz & Kelly, PC, 701 Town Center Drive, Suite 800, Newport News, VA, 23606.

Jeffrey D. Tarkington, Hofheimer/Ferrebee, PC, 1060 Laskin Road, Suite 12B, Sandpiper Key, Virginia Beach, VA, 23451.

Teddy J. Midkiff, Goff & Midkiff, PLLC, 10310 Memory Lane, Suite 2-C, Chesterfield, VA, 23832.


Christie M. Wilson, Wilson & Wilson, PC, 744-A Thimble Shoals Blvd., Newport News, VA 23606.

**Mrs. Wilson has information related to Wilson & Wilson's accounting procedures and the Funds.**


Linda Batchelor-Smith, Clerk, Hampton Circuit Court, 101 Kings Way Mall, Hampton, VA 23669. This witness' information would be limited to authenticating Orders and other actions of the Court.

Rex A. Davis, Clerk, Newport News Circuit Court, 2500 Washington Avenue, Newport News, VA 23607. This witness' information would be limited to authenticating Orders and other actions of the Court.

**The Clerks have information relevant to documents in litigation filed by the Plaintiff against various parties.**

Robert P. Quadros, Quadros & Associates, PC, 2715 Huntington Avenue, Newport News, VA 23607.

Raymond B. Bacon, Quadros & Associates, PC, 2715 Huntington Avenue, Newport News, VA 23607.

**Quadros and Bacon have information related to Wilson & Wilson's actions for payment, Schempf's action for payment and correspondence related to the Funds.**

13.    Provide a factual basis for your contention of Paragraph 45 of your

Answer to First Amended Complaint that on or about March 28, 2008

> ". . . both parties to the domestic case were still
> represented by counsel, neither of whom joined in
> the request, and both of who refused to accept the
> funds for placement in their trust account"

give names of counsel and identify documents and/or any communication on which you

based your belief that "both parties . . were . . . represented"; explain the basis for your

implications that Plaintiff and Sinkine were not *sui juris*, were legally under guardianship

of counsel, or were otherwise incapacitated; and fully identify all supporting documents

and individuals having knowledge of these facts.

**ANSWER:    The statement was based on my attorney's examination of the on-line**

**docket for the divorce proceedings which did not indicate that either of the parties'**

**attorneys had withdrawn as of March 28, 2008.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**NOTE:  You are reminded that the terms "documents", "records", and "memoranda" include e-mail, information stored on disk, computer memory and in related archives.**

1.      Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE: Without waiving and subject to the previously filed objections, see attached documents:  Final Decree, Notice received, Invoices for accounts.**


2.      Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE: Without waiving and subject to his previously filed objection, the Defendant will identify all documents to be used as exhibits in the matter in accordance with the Pretrial Scheduling Order entered by the Court.**


3.      Produce all records and documents showing your traveling schedule (dates and times) in June and July of 2007 which interfered with your representation of Plaintiff.

**RESPONSE: See attached travel schedule.**


4.      Provide all communication constituting and/or related to any and all claims, demands, liens and other legal actions related to Funds.

**RESPONSE: See attached documents.**

5.    Provide all documents constituting and/or related to your communication with the Virginia State Bar (VSB), including all documents you submitted to VSB, in connection with Plaintiff's complaint.

**RESPONSE: See attached documents.**

6.    Provide all communications with Robert Quadros, Raymond Bacon and their associates and agents regarding Funds, including notes of telephone conversations.

**RESPONSE: The Defendant stands by his previously filed objections but has produced copies of third party communication copied to him.**

7.    Provide all communication with Schempf regarding Funds, including notes of telephone conversations.

**RESPONSE: See attached documents.**

8.    Provide endorsed and unendorsed copies of each and every version of draft of the stipulated order granting Schempf's motion for enforcement of the attorney charging lien and all communications with Schempf, Tarkington related in any way to this order.

**RESPONSE: See attached documents.**

9.    Provide all documents showing that the child custody issue was noticed to be heard at the May 24, 2007 trial.

**RESPONSE: The Defendant has no documents responsive to this Request.**

17

10.    Provide all documents which you prepared as exhibits and evidence for the divorce trial as the grounds for arguing on the division of the escrow funds.

**RESPONSE: The Defendant will supplement this response.**

11.    Provide all documents that Schempf produced to you at or before the divorce trial in support of his client's position, including but not limited to the exhibit and evidence supporting Schempf's statement made at trial that he traced Sinkine's premarital funds in his Virginia Educational Credit Union account in support of the allegation that Sinkine's premarital assets were not commingled with marital assets.

**RESPONSE: The Defendant will supplement this response.**

I certify and affirm that the foregoing answers are true and correct to the best of my knowledge and belief.

_____
**PAUL H. WILSON**

Commonwealth of Virginia
City of Newport News, to-wit:

The foregoing Answers to Interrogatories were sworn to and subscribed before me by Paul H. Wilson, on this _____ day of _____, 2009.

My commission expires: _____

_____
Notary Public

18

Douglas E. Miller (VSB 38591)
Veronica E. Meade Sheppard (VSB 66727)
Patten, Wornom, Hatten & Diamonstein, L.C.
Suite 300
12350 Jefferson Avenue
Newport News, VA 23602
Tele: (757) 223-4536
Fax:  (757) 223-4518
dmiller@pwhd.com
vsheppard@pwhd.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on _Oct 16 2009_ I served a true copy of the

foregoing pleading via hand delivery on the following:

Tatyana Babakaeva
2124 Criston Drive
Newport News, VA 23602

*Plaintiff, appearing pro se*

Douglas E. Miller (VSB 38591)
Veronica E. Meade Sheppard (VSB 66727)
Patten, Wornom, Hatten & Diamonstein, L.C.
Suite 300
12350 Jefferson Avenue
Newport News, VA 23602
Tele: (757) 223-4536
Fax:  (757) 223-4518
dmiller@pwhd.com
vsheppard@pwhd.com
*Counsel for Defendants*

19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

|  |  |  |
|---|---|---|
| TATYANA A. BABAKAEVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: <u>4:09cv58</u> |
| | ) | |
| PAUL H. WILSON and | ) | |
| WILSON & WILSON, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>WILSON & WILSON, PC'S ANSWERS TO FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY TATYANA A. BABAKAEVA</u>

NOW COMES the Defendant, Wilson & Wilson, PC ("Wilson & Wilson" or "Defendant"), by counsel, subject to and without waiving the general and specific objections previously filed, for its Answers to the First Set of Interrogatories and Request for Production of Documents Propounded by the Plaintiff, Tatyana A. Babakaeva, states as follows:

### <u>INTERROGATORIES</u>

1.    Explain with specificity the grounds of your denial of all allegations of Paragraph 41 of the First Amended Complaint which state:

> "Following the withdrawal, Wilson stopped providing statements of the Escrow Funds account marked in Wilson's records as "Tatyana Babakaeba [sic] – Trust". Wilson does not provide voluntarily, and denied repeated requests to provide, accounting records for Babakaeva's funds in Wilson's possession."

1

and provide factual basis for such denial, including identity of each and every document constituting or representing an accounting statement pertaining to the Funds and specify the date of issue, to whom it was directed, method of delivery and identify all individuals having knowledge of these facts.

**ANSWER:    The Defendant denied paragraph 41 because it is not a correct statement of fact.  Wilson & Wilson has provided the Plaintiff with statements of account reflecting the trust balance, and has provided additional statements in the Request for Production filed herein.**

2.    Fully state all dates after April 30, 2007 on which the balance, at any time, on the Suntrust Bank account           was less than $92,291.07.

**ANSWER:   The Defendant's Trust account has never had a balance of less than the $92,291.07 since those funds were deposited at the direction of the Hampton Circuit Court.**

3

3.    Starting from May of 2007, list all individuals who were involved in any way in accounting for you, and fully identify dates of employment and scope of work for each such individual.

**ANSWER:    Colleen Bateman, receptionist/billing clerk, has handled Wilson & Wilson's internal accounting functions since May of 2007.**

4.      Give full explanation of your accounting procedures, including but not limited to procedures for:  a) reconciliation of the client trust accounts and the bank accounts; b) maintenance of the accounting and financial records, c) prevention of commingling among assets of clients; d) prevention of commingling assets of clients with the assets of your company.

**ANSWER:    Wilson & Wilson utilizes a computer program known as Time Slips for billing, timekeeping and client account management functions.   Client funds which represent unearned fees (retainers) or other trust deposits are accounted for in the Time Slips program by a appropriate credits and debits.  If client funds on deposit are for the payment of earned fees, those fees are deducted from the trust balance as invoices are generated.   The accounting entries are then compiled to reflect a single batch transfer from the Wilson & Wilson trust account to the Wilson & Wilson operating account.   Trust account and operating account balances are maintained by the bank statements as well as in Quick Books.  All of the accounting records for client trust funds are maintained separately so that client trust balances for each client may be maintained separately.**

5

5.    Explain whether you have been using any computer software for accounting and maintenance of the financial records pertaining to Funds and identify with specificity such software by manufacturer, title and version.

**ANSWER:    Wilson & Wilson uses two computer programs, Time Slips and Quick Books.**

6. State what kind of benefits you draw from the Suntrust Bank account No.
·, including but not limited to any interest, discounts for services or offer of
services and benefits based on the average and/or minimal amount held in the account;
and identify all documents describing any such benefits.

**ANSWER:    Wilson & Wilson does not draw interest from its trust account, to the
extent the trust account earns interest it is subject to Virginia's IOLTA (Interest On
Lawyers Trust Accounts) program.  The firm receives no other "benefits" that it is
aware of for maintaining its trust account at SunTrust.**

7

7.  Identify all your communication with the Honorable Judge Conway of the Newport News Circuit Court regarding the Funds; and state time, place and manner of communication, type and nature of the proceedings in relation to which the communication occurred, identify all parties present, description of the issues you discussed with Judge and your posture on these issues.

**ANSWER:   At the conclusion of an unrelated matter which Christie Wilson was handling before Judge Conway, the judge (who was familiar with this dispute as a result of attorney Schempf's claim to Sinkine's interest in the Funds) inquired informally whether the firm had considered filing an interpleader action to pay the Funds into Court.  The judge also commented concerning the amount of the bill Sinkine incurred in connection with the divorce proceedings.**

8. Identify and explain all withdrawals from Funds, including but not limited to the withdrawals you made in May 2007 and for each withdrawal specify if it was authorized, its amount, purpose of withdrawal, any invoices, checks and any other documents related to withdrawal. Please identify any witness with knowledge of such facts

**ANSWER:   Two accounting entries were made which appeared to reflect withdrawals from the account on or about May, 2007. Two accounts were established under Plaintiff's name, one for the Funds (Babakaeva Trust) and one for the fee retainer (Babakaeva, Tatyana). Defendant uses the Timeslips program for retainer tracking purposes. The first accounting entry was for $100, made on 5/4/2007, Invoice # 26143. This deduction was automatically made by the program as it is designed to move $100 from every new client's account to cover hard costs such as mailing, faxes, opening and closing of files.  This entry was immediately credited the same day. The second entry reflected a withdrawal made on 5/19/2007 in the amount of $800, Invoice # 26481. This amount was billed inadvertently to Babakaeva Trust, rather than Babakaeva, Tatyana. The two accounts are successive in alphabetical order in the program and by error the Defendant selected the first account (Trust) rather than the second account, next on the list. This error was also discovered  on  the same day and the appropriate credit was made immediately upon running the bills.  No funds were transferred as a result of the error.  The Funds on deposit have remained the same since the Defendant received them.**

9. State if you have ever, at any time on or after April 30, 2007, directly or indirectly paid any money, or transferred anything of value, or issued any check or other monetary instruments payable to Jones, Blechman, Woltz & Kelly or to Mr. Schempf, their affiliates, employees or agents; including any cancelled, voided and returned checks or other money instruments; and fully identify each such transaction and related documents and state purpose and reason for such transaction.

**ANSWER:    None.**

10. Identify invoices presented to Plaintiff by numbers and dates of issue from the beginning of your representation of Plaintiff from March 15, 2007 and until July 1, 2007.

**ANSWER:    The information requested in this Interrogatory may be derived by an examination of business records, and the burden of deriving the information is substantially the same for the Plaintiff as for the Defendant.   The records include the invoices which have been produced in response to the Request for Production.**

11. Identify by case number, parties and jurisdiction, all civil lawsuits in which you are or have been <u>a party</u> from 2006 to the present, including, but not limited to, all lawsuits related in any way to your claims for alleged debts for legal services.

**ANSWER:    The Defendant stands on its previously filed objection with regard to Interrogatory No. 11.  By way of additional response, however, the Defendant states that the only litigation it is aware of involve suits by the firm against former clients for the payment of fees.  The Defendant objects to identifying any of these former clients on the grounds that the information is irrelevant to the present action and not reasonably calculated to lead to the discovery of admissible evidence.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**NOTE:  You are reminded that the terms "documents", "records", and "memoranda" include e-mail, information stored on disk, computer memory and in related archives.**

1.    Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE: Without waiving and subject to its previously filed objection, see attached documents.**

2.    Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE: Without waiving and subject to its previously filed objection, the Defendant will identify all documents to be used as exhibits in the matter in accordance with the Pretrial Scheduling Order entered by the Court.**

3.    Produce all records of the account which was identified by you as "Tatyana Babakaeba – Trust" purportedly holding Funds in escrow, including monthly statements, documents related to withdrawals and all monthly reconciliation sheets pertaining to this account.

**RESPONSE: See attached documents.**

4.    Beginning May of 2007 produce all bank statements pertaining to the Suntrust Bank account #'               along with your journal entries reflecting the bank account balances and monthly reconciliation sheets pertaining to this account.

**RESPONSE: The Defendant stands on its previously filed objection.**

5.    Produce copies from your check-books for June 1 – June 20, 2007 including copies of cancelled or voided checks.

**RESPONSE: The Defendant stands on its previously filed objection.**

6.    Produce all statements of the Plaintiff's retainer account for the period March 15, 2007 till July 1, 2007.

**RESPONSE: See attached documents.**

7.    Produce all documents that support your denial of Paragraph 41 in your Amended Answer to First Amended Complaint.

**RESPONSE: See attached documents.**

I certify and affirm that the foregoing answers are true and correct to the best of my knowledge and belief.

**WILSON & WILSON, PC**

By:_____

Paul H. Wilson

Commonwealth of Virginia
City of Newport News, to-wit:

The foregoing Answers to Interrogatories were sworn to and subscribed before me by Paul H. Wilson, Managing Partner of Wilson & Wilson, PC on this _____ day of _____, 2009.

My commission expires: _____

_____
Notary Public

Douglas E. Miller (VSB 38591)
Veronica E. Meade Sheppard (VSB 66727)
Patten, Wornom, Hatten & Diamonstein, L.C.
Suite 300
12350 Jefferson Avenue
Newport News, VA 23602
Tele: (757) 223-4536
Fax: (757) 223-4518
dmiller@pwhd.com
vsheppard@pwhd.com
*Counsel for Defendants*

15

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on *Oct 16, 2009*, I served a true copy of the

foregoing pleading via hand delivery on the following:

Tatyana Babakaeva
2124 Criston Drive
Newport News, VA 23602

*Plaintiff, appearing pro se*

Douglas E. Miller (VSB 38591)
Veronica E. Meade Sheppard (VSB 66727)
Patten, Wornom, Hatten & Diamonstein, L.C.
Suite 300
12350 Jefferson Avenue
Newport News, VA 23602
Tele: (757) 223-4536
Fax: (757) 223-4518
dmiller@pwhd.com
vsheppard@pwhd.com
*Counsel for Defendants*

16

# PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.

DONALD N. PATTEN
ROBERT R. HATTEN
ALAN A. DIAMONSTEIN
HENRY DUNCAN GARNETT, JR.
AVERY T. WATERMAN, JR.[1]
ELEANOR WESTON BROWN[2]
SOUTH T. PATTERSON
JAMES H. SHOEMAKER, JR.
HUGH B. McCORMICK, III
STEVEN A. MEADE
DOUGLAS E. MILLER
PATRICK R. PETTITT
TODD M. LYNN
WILLIAM W. C. HARTY
JENNIFER WEST VINCENT

ATTORNEYS AND COUNSELORS AT LAW
SUITE 300
12350 JEFFERSON AVENUE
NEWPORT NEWS, VIRGINIA 23602

(757) 223-4500

FAX (757) 249-1627

WRITER'S DIRECT DIAL: (757) 223-4585
WRITER'S E-MAIL: dmiller@pwhd.com
WEBSITE: http://www.pwhd.com

KEVIN M. DIAMONSTEIN[3]
VERONICA E. MEADE SHEPPARD[4]
LINDSEY A. CARNEY
ERIN E. HIERONIMUS
JASON E. MESSERSMITH
ROBERT P. STENZHORN CPA, MBA[7]

OF COUNSEL
STANLEY W. DRUCKER
WILLIAM M. MARTIN, III
GARY M. DiMUZIO[5, 6]

NEAL J. PATTEN (1917-2009)
THOMAS R. WATKINS (1925-1995)
I. LEAKE WORNOM, JR. (1926-2008)

[1] Admitted in VA, DC and LA
[2] Admitted in VA and NC
[3] Admitted in VA, DC, PA and NY

[4] Admitted in VA, DC and MD
[5] VA Pending
[6] Admitted in TX
[7] Admitted in VA and DC

October 16, 2009

**VIA HAND DELIVERY**
Tatyana A. Babakaeva
2124 Criston Drive
Newport News, VA 23602

Re:    **Tatyana A. Babakaeva v. Paul H. Wilson and Wilson & Wilson, PC**
       **Civil Action No. 4:09cv58**

Dear Ms. Babakaeva:

Enclosed please find my clients' unexecuted Answers to your First Set of Interrogatories and Request for Production of Documents. Although unexecuted I obtained this information from client representations and do not anticipate any changes. I will forward the original signature page to you as soon as it has been signed.

Also enclosed are my clients' Responses to your Request for Admissions.

Thank you very much for your continuing attention. If you have any questions or need additional information, do not hesitate to call me directly.

Very truly yours,

Douglas E. Miller

DEM:dc

Enclosures

cc:    Paul H. Wilson (w/ encl.)

*Exhibit 2*