**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| TATYANA A. BABAKAEVA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 4:09cv58 |
| PAUL H. WILSON and WILSON & WILSON, P.C., | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION TO MODIFY SCHEDULING ORDER**

The Defendants, Paul H. Wilson ("Wilson") and Wilson & Wilson, P.C. (collectively, "Defendants"), by counsel, submit this Memorandum in Response to the Motion to Compel and Motion to Modify Scheduling Order filed by the Plaintiff, Tatyana A. Babakaeva ("Babakaeva").

The Court should deny the Plaintiff's Motion as the discovery defect she complained of was cured prior to the Defendants even receiving the Plaintiff's Motion, and she has offered no other basis for the requested modification of the Court's Order.

**A.   The Plaintiff's Motion complains of a defect which was cured more than two weeks ago.**

The Plaintiff's Motion complains that the Defendant's Interrogatories were submitted without proper attestation. The Plaintiff was on notice that a formal attestation would be submitted within a short period of time, as the undersigned counsel prepared a letter advising that the attested responses would be delivered promptly. The Plaintiff was

1

also advised in the cover letter that the answers had been prepared with the assistance of the client, and that the executed answers would not materially differ from those submitted under oath.

On October 26, 2009 the execution pages for the discovery responses were sent to the Plaintiff. The Defendants received the Plaintiff's motion on October 28, 2009, two days after curing the defect her motion complains describes. Had the Plaintiff attempted to confer regarding the alleged defect, she would have learned that the executed responses were already sent. She did not attempt to confer as required by the Rules, but instead filed her motion alleging the defect, refusing to articulate any other basis for deficiency and requesting that the Court modify the Scheduling Order as a result.

It is clear that the Plaintiff's motion is an attempt to obtain additional time for expert discovery and to needlessly increase the cost of litigation for Wilson and his law firm. Because the Plaintiff failed to meet and confer concerning the alleged deficiencies in Defendant's discovery, and her failure resulted in briefing and scheduling a motion which had already been rendered moot, the Defendants request that the Court enter an order directing the Plaintiff to reimburse legal fees associated with responding to the discovery portion of her motion.

**B.     The Plaintiff has offered no prejudice for the brief delay in providing executed responses, and no other basis to modify the terms of the Scheduling Order.**

The primary basis for Plaintiff's claimed need to modify the Scheduling Order is her allegation, unsupported by fact, that she has been prejudiced by the slight delay in receiving executed responses. The Plaintiff's deadline for submitting expert reports

2

under Rule 26(a)(2)(B) passed on November 2, 2009. The Plaintiff submitted no expert reports.

In addition, the Defendants requested in discovery that the Plaintiff identify all of her expert witnesses and explain the basis for their expected testimony. The Plaintiff did not respond to the expert interrogatory, though she did purport to identify experts in a 26(a)(2)(A) disclosure filed October 2, 2009. A copy of the Plaintiff's disclosure is attached to this Memorandum as Exhibit A.

In her 26(a)(2)(A) disclosure, the Plaintiff identified two employees of the Virginia State Department of Taxation. Ms. Babakaeva also attempted to notice the Defendants' depositions to occur at the Virginia Department of Taxation in Richmond, apparently so her identified experts could observe. She has not explained the basis for the information she claims was omitted from discovery, nor the basis for any expert testimony these two tax investigators might offer. Moreover, it is not clear that government tax officials would be qualified as expert witnesses for any of the claims Ms. Babakaeva alleges.

Babakaeva also identified a northern Virginia attorney although she has produced no documents or other evidence indicating that the attorney has been retained or specially employed to provide expert testimony.

The final expert Ms. Babakaeva retained is apparently a psychotherapist who resides in Russia. Again, Ms. Babakaeva has not explained how this expert's testimony would in any way be affected by discovery responses due from the Defendants, nor provided any other basis for her requested extension of the expert disclosure date set forth in the Order.

Because the Plaintiff has not been prejudiced by the brief delay in providing executed responses, and she has failed to articulate the information allegedly withheld which would prevent her experts with complying with the Court's prior Order, the Defendants respectfully request that the Court deny her motion to modify the Scheduling Order and strike her previous expert disclosures as insufficient to support expert testimony of any kind.

**C.   The Plaintiff continues to receive unattributed help in preparing her pleadings in violation of this Court's Rules regarding ghostwritten pleadings.**

Babakaeva continues to receive the assistance of third parties in preparing her allegedly *pro sé* pleadings.  The Defendants request that the Court compel Ms. Babakaeva to identify third parties assisting her with the prosecution of this matter.  To the extent they are members of the Bar, their actions violate prior orders of this Court concerning ghost-written pleadings.  To the extent they are not members of the Bar, their actions constitute the unauthorized practice of law which are subject to sanction.

Babakaeva's pleadings are not the work of a layperson.  They reveal a detailed understanding of the Federal Rules of Civil Procedure, and a facility with argument which is inconsistent with other written communication she has prepared.  Attached to this Memorandum as Exhibit B is a one-page response Ms. Babakaeva filed in the Hampton Circuit Court when she was unrepresented in her divorce case.  Comparing Exhibit B to the pleadings she has filed in this matter makes clear that Babakaeva is receiving unattributed assistance in prosecuting these claims.

Recently when counsel sought to depose her, Babakaeva wrote to advise that she was not available on the dates offered because the attorney she retained to "represent her in deposition only" was not available.

This Court does not countenance ghostwritten pleadings by litigants who state they are proceeding *pro se*. *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075 (E.D. Va. 1997). Ms. Babakaeva should not enjoy the protections due a *pro se* plaintiff when she is receiving the assistance of outside counsel.

## CONCLUSION

For the foregoing reasons, the Defendants Paul H. Wilson and Wilson & Wilson, P.C. request that the Court deny Babakaeva's motion and enter an order awarding the costs and fees incurred in preparing this response.

**PAUL H. WILSON and**
**WILSON & WILSON, P.C.**

By:   /s/ Douglas E. Miller
Douglas E. Miller (VSB 38591)
James H. Shoemaker, Jr. (VSB 33148)
Patten, Wornom, Hatten & Diamonstein, L.C.
Suite 300
12350 Jefferson Avenue
Newport News, VA  23602
Tele:  (757) 223-4536
Fax:   (757) 223-4518
dmiller@pwhd.com
jshoemaker@pwhd.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 9, 2009, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following.  I also served a true copy of the foregoing via first class mail, postage prepaid along with a copy of the NEF filing receipt on:

>Tatyana Babakaeva
>2124 Criston Drive
>Newport News, VA  23602
>
>*Plaintiff, appearing pro se*


>/s/ Douglas E. Miller
>Douglas E. Miller (VSB 38591)
>dmiller@pwhd.com
>James H. Shoemaker, Jr. (VSB 33148)
>jshoemaker@pwhd.com
>Patten, Wornom, Hatten & Diamonstein, L.C.
>Suite 300
>12350 Jefferson Avenue
>Newport News, VA  23602
>Tele:  (757) 223-4536
>Fax:   (757) 223-4518
>*Counsel for Defendants*