**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| **TATYANA A. BABAKAEVA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 4:09cv58** |
| | ) | |
| **PAUL H. WILSON and** | ) | |
| **WILSON & WILSON, P.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW OPPOSING PLAINTIFF'S SECOND MOTION TO COMPEL

The Defendants, Paul H. Wilson ("Wilson") and Wilson & Wilson, P.C. ("Wilson & Wilson", collectively the "Defendants"), submit this Memorandum opposing the Second Motion to Compel filed by the Plaintiff, TATYANA A. BABAKAEVA ("Babakaeva").

Ms. Babakaeva's initial Motion complained that Wilson's discovery responses were unexecuted. Since that time, Wilson has submitted executed responses, as well as executed responses to a second complete set of discovery. In addition, the Defendants, by counsel, wrote Ms. Babakaeva and offered to make the entire nonprivileged file available for her review. In this correspondence, counsel offered to allow Ms. Babakaeva to review bank statements confirming the sums on deposit in the Wilson trust account. As of this date, Ms. Babakaeva has not conducted that document review. A copy of counsel's letter is attached as Exhibit "A".

With regard to the specific complaint set forth in Babakaeva's Motion, she principally objects to responses by Wilson & Wilson to Interrogatory Nos. 1 and 2 on the

grounds that they were "evasive" or "unresponsive". The first interrogatory requested that the Defendants explain the factual basis for their denial of paragraph 41 of Babakaeva's First Amended Complaint. The Defendants stand by Wilson's original response to Interrogatory No. 1. Ms. Babakaeva phrased the interrogatory to assume facts not in evidence, including trying to elicit an admission from the Defendants that Wilson was acting as Trustee. Wilson has never failed to provide information to Babakaeva, or anyone else with an interest in the funds on deposit with the Wilson firm. The fact that Ms. Babakaeva is unhappy with the answer or with the amount of information does not render his previous discovery response insufficient.

Likewise, the Defendants are completely baffled by Babakaeva's complaint with regard to Interrogatory No. 2. The Defendants stated unequivocally in response to Interrogatory No. 2 that the trust account has never had a balance of less than $92,291.07. That does not represent an evasive answer. The additional statement that the funds were deposited at the "direction of the Hampton Circuit Court", whether true or not, does not vary or complicate the unequivocal information provided in the first clause of the sentence. In fact, on review of Ms. Babakaeva's complaint, she is likely correct that the funds were initially deposited in the escrow account on the basis of the parties' voluntary agreement, and later directed to be held by Circuit Court Order. To the extent that represents the clarification Ms. Babakaeva seeks Wilson would agree to supplement to that degree.

Wilson's response to Request for Admission Nos. 7, 24, 26 speak for themselves and are not vague or ambiguous. Both Request Nos. 24 and 26 request Wilson's opinion concerning a Court Decree which he neither endorsed nor prepared and the contents of

which speak for themselves. The Hampton Circuit Court's ruling regarding support and visitation rests on the history of that case, which included interim rulings not reflected in the Divorce Decree, nor modified by it, and thus the terms of custody are not wholly reflected in the June 19, 2009 Decree as implied by the Plaintiff's request.

With regard to Interrogatory No. 10, the Defendant did indicate he would supplement this response. Prior to filing this brief, Wilson offered to make the entire file, including handwritten notes of calculations available for Ms. Babakaeva's review. As of this date, the review proffered has not yet occurred. The information responsive to Interrogatory No. 10 may be derived from a review of that record and the burden of deriving it is substantially the same for the Plaintiff as for the Defendant. Likewise, the production would be responsive to Request for Production Nos. 10 and 11 which request Mr. Wilson's preparatory work.

For the foregoing reasons, the Defendants respectfully request that the Court deny Babakaeva's Second Motion to Compel and enter and Order awarding them their attorney's fees and costs incurred in preparing this response.

**PAUL H. WILSON and WILSON & WILSON, P.C.**

By:    /s/ James H. Shoemaker, Jr.
       James H. Shoemaker, Jr. (VSB 33148)
       Douglas E. Miller (VSB 38591)
       Patten, Wornom, Hatten & Diamonstein, L.C.
       Suite 300
       12350 Jefferson Avenue
       Newport News, VA 23602
       Tele: (757) 223-4536
       Fax: (757) 223-4518
       jshoemaker@pwhd.com
       dmiller@pwhd.com
       *Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** on November 30, 2009, that I electronically filed the

foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a

notification of such filing (NEF) to the following.  I also served a true copy of the

foregoing via first-class mail, postage prepaid, on:

> Tatyana Babakaeva
> 2124 Criston Drive
> Newport News, VA  23602
>
> *Plaintiff, appearing pro se*


> /s/ James H. Shoemaker, Jr.
> James H. Shoemaker, Jr. (VSB 33148)
> Douglas E. Miller (VSB 38591)
> Patten, Wornom, Hatten & Diamonstein, L.C.
> Suite 300
> 12350 Jefferson Avenue
> Newport News, VA  23602
> Tele:  (757) 223-4536
> Fax:   (757) 223-4518
> jshoemaker@pwhd.com
> dmiller@pwhd.com
> *Counsel for Defendants*