IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| TATYANA A. BABAKAEVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:09cv58 |
| | ) | |
| PAUL H. WILSON and | ) | |
| WILSON & WILSON, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN RESPONSE TO PLAINTIFF'S
## MOTION FOR A PROTECTIVE ORDER

The Defendants, Paul H. Wilson ("Wilson") and Wilson & Wilson, P.C. ("Wilson & Wilson", collectively the "Defendants"), submit this Memorandum in Response to Motion for a Protective Order filed by the Plaintiff, TATYANA A. BABAKAEVA ("Babakaeva").

In her Motion for a Protective Order, Babakaeva seeks an Order from the Court permitting her alleged expert witnesses to attend an as-yet-unscheduled deposition. She also seeks to engage counsel for the limited purpose of defending deposition without having that attorney appear as counsel of record. Neither request should be granted.

It is important to note that counsel originally objected not to the attendance of witnesses at deposition – but to Ms. Babakaeva's attempt to notice them outside the division – at the state office in Richmond where her identified experts apparently work for the Commonwealth's Department of Taxation. In response to counsel's objection to Ms. Babakaeva conducting depositions at the Richmond office of a state tax examiner, she indicated it was necessary to save her expert's travel expenses. Counsel then raised a

1

sequestration issue with respect to the timing of her expert's deposition. The response she has filed suggests that depositions are open proceedings. They are not. Depositions "are not public components of a civil trial." *Amato v. City of Richmond*, 157 F.R.D., 26 (E.D. Va. 1994). They were not open to the public at common law, nor as a matter of modern practice. *Id.* (citing *Seattle Times v. Rhinehart*, 467 U.S. 20, 33 (1984)).

Ms. Babakaeva has also characterized counsel's objection to her selective retention of counsel as an effort to deprive her of legal advice. This is inaccurate. Defense counsel has no objection, and indeed would encourage Babakaeva to retain counsel to prosecute her claims in this Court. However, this Court has frowned upon counsel ghostwriting pleadings for *pro sé* Plaintiffs and in the experience of the undersigned, would not permit retained counsel to partially appear in the case. Local Rule 83.1(G) specifically recites that no attorney may withdraw an appearance once entered absent leave of the court. If the purpose of Babakaeva's part-time counsel attending the deposition is to "preserve[e] objections" and control "possible oppressive conduct of opposing counsel", these are insufficient reasons to permit Babakaeva to circumvent the Court's rules concerning attorneys practicing before the Court. What is the purpose of preserving an objection counsel will not be prepared to argue or defend at trial? To this date Babakaeva has failed to produce the phone number or any other contact information for the unidentified attorney whom she intends to retain for the sole purpose of deposition. As a result, counsel has been unable to confer regarding possible limits on the scope of such representation, and whether the attorney was aware of this Court's rules concerning such limited appearances.

In addition, the alleged experts identified by Ms. Babakaeva as a "Certified Fraud Examiner" and "Forensic Accountant", have not been identified with sufficient information for counsel to contact them and inquire of the necessity (or even their agreement to) attend depositions.  Moreover, Wilson & Wilson recently instituted an interpleader action in the Circuit Court for the City of Hampton, depositing the entire outstanding balance of $92,291.07, thus rendering moot Babakaeva's allegation of damage from fraud.

Babakaeva has thus far acquitted herself quite well in Motions practiced before the Court with or without the assistance of unattributed legal counsel.  In the absence of an opportunity to confer with counsel allegedly retained for the purpose of specially representing her at deposition, the undersigned counsel maintains Defendants' objections and request that the Court deny Babakaeva's request for a Protective Order.

**PAUL H. WILSON and WILSON & WILSON, P.C.**

By:    /s/ James H. Shoemaker, Jr.
        James H. Shoemaker, Jr. (VSB 33148)
        Douglas E. Miller (VSB 38591)
        Patten, Wornom, Hatten & Diamonstein, L.C.
        Suite 300
        12350 Jefferson Avenue
        Newport News, VA  23602
        Tele:  (757) 223-4536
        Fax:   (757) 223-4518
        jshoemaker@pwhd.com
        dmiller@pwhd.com
        *Counsel for Defendants*

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on November 30, 2009, that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following.  I also served a true copy of the foregoing via first-class mail, postage prepaid, on:

> Tatyana Babakaeva
> 2124 Criston Drive
> Newport News, VA  23602
>
> *Plaintiff, appearing pro se*

> /s/ James H. Shoemaker, Jr.
> James H. Shoemaker, Jr. (VSB 33148)
> Douglas E. Miller (VSB 38591)
> Patten, Wornom, Hatten & Diamonstein, L.C.
> Suite 300
> 12350 Jefferson Avenue
> Newport News, VA  23602
> Tele:  (757) 223-4536
> Fax:  (757) 223-4518
> jshoemaker@pwhd.com
> dmiller@pwhd.com
> *Counsel for Defendants*