IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| TATYANA A. BABAKAEVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 4:09cv58 |
| | ) |
| PAUL H. WILSON and | ) |
| WILSON & WILSON, P.C., | ) |
| | ) |
| Defendants. | ) |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY**

The Defendants, Paul H. Wilson ("Wilson") and Wilson & Wilson, P.C. ("Wilson & Wilson", collectively the "Defendants"), by counsel, submit this Reply to the Plaintiff's Response to their Motion to Stay the Proceedings. Because the Plaintiff essentially joins in the Defendants' request to move the trial date in the matter – opposing only the grounds upon which the relief should be awarded – this brief will address certain errors in the factual representations supporting Babakaeva's Response, and clarify the basis for the requested stay.

1.  **The Defendants' Motion to Stay is not inconsistent with their opposition to the Plaintiff's Motion to Modify the Scheduling Order.**

Babakaeva contends that the Motion to Stay seeks "substantially the same relief" which the Defendants opposed in their Response to her Request to Modify the Scheduling Order. This is incorrect. The Plaintiff's Motion to Modify the Scheduling Order did not request any change in the currently scheduled trial date. Instead, the Plaintiff sought to extend the deadlines for disclosing expert testimony allegedly as a result of her receiving unexecuted discovery responses. Her Motion did not seek any

1

change to the trial date, nor any general stay of the proceedings. At the time Babakaeva's Motion was filed, the Interpleader Action had not been filed in the Circuit Court for the City of Hampton.

The Defendants opposed the Plaintiff's Request, and continue to do so, because the Plaintiff has shown no cause – much less good cause – for the extension of the expert disclosure dates she seeks. Babakaeva offered no evidence of prejudice from the brief delay in submitting executed discovery responses. In fact, her Motion did not articulate any information missing from discovery which would assist an expert in preparing to testify. The Motion was not accompanied by any certification or affidavit from any expert witness. The accounting experts Babakaeva allegedly identified are state government tax investigators. Thus far, Babakaeva has produced no evidence that they actually intend to offer an opinion in the matter. With regard to the identified attorney, Babakaeva produced no document signed by the expert nor any evidence indicating he actually intends to testify.

The Defendants continue to oppose the Plaintiff's effort to extend the expert discovery disclosure deadlines, and have not sought to modify expert disclosure dates in their Motion to Stay. Thus, there is no inconsistency in the Defendants' Request that the Court temporarily stay these proceedings to allow the Interpleader Action to conclude as resolution of the Interpleader will bear directly on Babakaeva's claimed damages and other issues central to her claims. The Interpleader Action does not, however, bear on issues requiring expert testimony and the Defendants have not sought to modify those dates.

2. **The state Interpleader Action establishes clear jurisdiction in the Hampton Circuit Court to resolve the issue of entitlement to the Escrowed Funds.**

Without explaining why neither she nor her ex-husband ever sought any Order disposing of the Escrowed Funds, nor any agreed resolution approved by the Court, the Plaintiff nonetheless complains that the Defendants' effort to do so by filing a state Interpleader Action was "improper" and designed to defeat federal jurisdiction. No logical inference from the Defendants' actions supports this claim.

By instituting the Interpleader Action the Defendants do not "concede" that the Hampton Circuit Court lost jurisdiction to direct disposition of the Escrowed Funds. In fact, the exact opposite is true. Wilson has not disposed of the Escrowed Funds because he was directed by the Hampton Circuit Court not to. It is the Plaintiff who objects to the Hampton Court's ability to act. The Defendants merely seek to overcome the Plaintiff's jurisdictional challenge in order to bring about a resolution of the long-outstanding matter.

The Defendants have not sought to defeat this Court's jurisdiction, nor to confer upon the state court any jurisdiction beyond that necessary to resolve matters related to the Escrow Agreement and the Escrowed Funds. Babakaeva's contention that the prayer for relief seeks to expand the Hampton Court's jurisdiction beyond the statute is simply a misreading of both. Her claim that she would be deprived of damages for the "convention [sic] of the property and related torts" is flatly inconsistent with the relief sought in this Motion. It is true that the Defendants deny any liability to Babakaeva and thus far her discovery has produced no evidence of damage related to the Defendants' retention of the Escrowed Funds, but to the extent she asserts such claims they may be

contested following the Hampton Circuit Court's action resolving its Order to Wilson to hold the funds "until further Order of the court."

Since filing the Interpleader Action, Sinkine has submitted a document to the Hampton Circuit Court, claiming that he has "no interest" in the matter. A copy of Sinkine's filing is attached to this Memorandum as Exhibit A. Additionally, Babakaeva submitted to the Defendants' counsel a purported Assignment contending that Sinkine had assigned all of his rights to the Escrowed Funds to her. A copy of the Assignment is attached as Exhibit B. In such circumstances, it would appear the Interpleader Action will result in Babakaeva receiving most if not all of the Escrowed Funds. The ultimate disposition of those funds is highly relevant to Babakaeva's claims. It is simply impossible to determine how – or if Babakaeva was harmed by the Defendants' retention of the funds until after the Hampton Circuit Court acts.

**3.    Babakaeva's continuing efforts to litigate in state court also merit a stay.**

At the time of the filing of the Motion to Stay, the Defendants' counsel was not aware of Judge Conway's recusal in the state court matters. Nevertheless, both the state court collection matter between Wilson & Wilson and Babakaeva, and the related action between Sinkine's lawyer and Sinkine are relevant to the claims Babakaeva asserts in this action. Though technically not a party, Babakaeva has diligently sought to intervene in the Jones, Blechman collection action against Sinkine. Indeed the exhibit she attached as evidence that she was not involved establishes her continuing efforts to intervene. She claims she has a right to participate in that litigation, apparently as a result of Jones, Blechman's earlier attempts to attach the Escrowed Funds.

The Defendants did not in any way participate in the Jones, Blechman action, nor are they party to that proceeding.  Nevertheless, Babakaeva's attempt to insert herself in that dispute raises questions similar to those she alleges in this action.  Moreover, the Defendants' collection action which Babakaeva has already lost once, addresses issues which are identical to those raised in her deceptive billing count in this Court.  Babakaeva has already raised the alleged billing issues in defense of the collection action.  They are also raised in the Circuit Court proceeding which followed the initial trial in General District Court.  Although that matter will have to be reset for trial, it is expected to be heard promptly by the newly assigned judge and its disposition will be *res judicata* as to several of the claims Babakaeva is attempting to litigate in this action.

**4.     Finally, Babakaeva does not dispute the necessity of moving the trial date as a result of substitute counsel.**

The law firm of Patten, Wornom, Hatten & Diamonstein, LC remains counsel for the Defendants and Mr. Miller's departure from the firm will effect his withdrawal from the case.  To the extent any formal Motion to Withdraw is required, the Defendants will make such Motions as the Court directs.  In the meantime, the firm remains counsel of record with the undersigned lead counsel and directing the Defendants' response to this action.  At present, the undersigned is scheduled to participate in a week long arbitration beginning in early February, with another trial conflict of shorter duration the first week of February.  As a result of these scheduling conflicts and the need to provide additional time to transition the file, the Defendants contend that the stay sought by this Motion will accommodate a new trial date convenient to new counsel as the Defendants also seek to move the trial date, it appears the party agree on this point of relief.

## CONCLUSION

For the foregoing reasons the Defendants respectfully request that the Court grant their Motion to Stay this matter and enter and Order staying the case for sixty (60) days directing the parties or their counsel to appear for a scheduling conference at the conclusion of the period of stay to set the case for trial on any matters which remain pending at that time.

**PAUL H. WILSON and WILSON & WILSON, P.C.**

By: /s/ James H. Shoemaker, Jr.
James H. Shoemaker, Jr. (VSB 33148)
Patten, Wornom, Hatten & Diamonstein, L.C.
Suite 300
12350 Jefferson Avenue
Newport News, VA  23602
Tele: (757) 223-4536
Fax: (757) 223-4518
jshoemaker@pwhd.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** on December 23, 2009, that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following. I also served a true copy of the foregoing via first-class mail, postage prepaid, on:

>Tatyana Babakaeva
>2124 Criston Drive
>Newport News, VA  23602
>
>*Plaintiff, appearing pro se*
>
>/s/ James H. Shoemaker, Jr.
>James H. Shoemaker, Jr. (VSB 33148)
>Patten, Wornom, Hatten & Diamonstein, L.C.
>Suite 300
>12350 Jefferson Avenue
>Newport News, VA  23602
>Tele:  (757) 223-4536
>Fax:   (757) 223-4518
>jshoemaker@pwhd.com
>*Counsel for Defendants*